ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARNEST RAY WILLIS, #1001321, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-2020-D |
| | ) | |
| DOUGLAS DRETKE, | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), and the District Court's order court filed on December 20, 2004, this action has been referred to the magistrate judge for a recommendation with respect to Petitioner's motion to file late objections to the previously filed recommendation of the magistrate judge with respect to the disposition of his § 2254 petition filed in this action. Petitioner's motion was filed by the District Clerk on December 17, 2004, but according to the certificate of service his motion was deposited in the prison mail system on December 2, 2004, the same date on which the District Court filed its order adopting the magistrate judge's prior recommendation, dismissing Willis's § 2254 petition for want of jurisdiction, but without prejudice to his right to file a motion for leave to file a second or successive § 2254 petition in the Fifth Circuit.

Pleadings filed by an inmate in a federal court are subject to the "mail box" rule. Therefore, the issue to be addressed by the magistrate judge is to determine the date on which Willis placed his motion to file late objections in the prison mail system.

On January 11, 2005, and again on February 24, 2005, the undersigned ordered the Texas Attorney General's Office, counsel for Respondent, to submit those portions of the Connally Unit's

prisoner mail log for the period from November 2, 2004, and December 17, 2004, reflecting all correspondence mailed to or received from this Court.

The mail log reflects only one out-going correspondence addressed to this court during the above period. It was deposited on December 14, 2004. The mail log is entitled to a presumption of regularity. Moreover, December 14th is entirely consistent with a mailing submitted on a Wednesday and received on the following Friday through regular mail channels.

Therefore, the magistrate judges finds that Willis mailed his motion seven days *after* receiving the District Court's order adopting the findings and recommendation – twenty-five days *after* the expiration of the ten-day period for filing timely objection to the findings, conclusions and recommendation.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion to file late objections be denied because it was not timely filed.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

_____
WM. F. SANDERSON
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

[1] Other entries on the mail log - i.e. receipts of mail from the United States District Clerk on November 4, 2004 and December 7, 2004 - are consistent with the dates on which the magistrate judges's former recommendation and the District Court's order and judgment, respectively, would have been received by Willis.

2

recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.